\*\* E-Filed 06/24/09 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT OLSZEWSKI, SARA BERTSCH, JACQUELINE MACIA, PHILIP McHALE, and RUSSELL BLACKADAR, individuals,<br><br>Plaintiffs,<br>v.<br><br>SYMYX TECHNOLOGIES, INC. and ELSEVIER, INC., Corporations,<br><br>Defendants. | No. C08-03657 HRL<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE AND CLAIM AND (2) DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Re: Docket Nos. 14, 17] |

Defendant Symyx Technologies ("Symyx") acquired MDL Information Systems ("MDL") from its parent company, defendant Elsevier, Inc. ("Elsevier"). Plaintiffs are former MDL employees who were laid off once the Sales Agreement between Elsevier and Symyx closed. As part of the layoff, Symyx offered plaintiffs severance benefits under its newly adopted plan (the "Symyx Plan"). These benefits were less generous than those previously available from Elsevier (the "MDL Plan").

Plaintiffs sued both Elsevier and Symyx on grounds that they improperly denied plaintiffs severance benefits under the MDL Plan and that they selected plaintiffs for termination based on age. Both defendants filed nearly identical motions to dismiss for failure to state a claim and as to claims four, five, and six for lack of subject matter jurisdiction. Plaintiffs oppose the motions. Upon consideration of the motion papers and the arguments of counsel at the hearing, the court

(1) grants defendants' motions to dismiss for failure to state a claim and (2) denies as moot defendants' motions to dismiss for lack of subject matter jurisdiction.[1]

## LEGAL STANDARD

On motion, a court may dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Although the federal rules require that a complaint include a "short and plain statement" showing plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), the complaint must still provide defendants fair notice of the claim and its grounds. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, the plain statement must "possess enough heft" to show defendants that the plaintiffs are entitled to relief. *Id.* at 557.

Furthermore, only plausible claims for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A plaintiff must therefore plead "more than the sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. Accordingly, the complaint must "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555.

## DISCUSSION

**A.  Claims 1–3**

Plaintiffs' first three claims are for breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and promissory estoppel. In their First Amended Complaint ("FAC"), plaintiffs pled that they had expected to continue their employment after Symyx's acquisition of MDL because certain provisions in the Sales Agreement indicated that Symyx agreed to employ them after the deal closed. (FAC ¶¶ 14, 22 & Ex. A.) They also alleged that the defendants' actions to terminate plaintiffs' employment deprived them of severance benefits promised to them under the MDL Plan. (FAC ¶¶ 18–19.)

In their motions, defendants argued that plaintiffs' first three claims were common law claims preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties who have appeared have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

2

1  §§ 1001–1461, because both the MDL Plan and the Symyx Plan were employee welfare plans
2  under the meaning of ERISA. They also asserted that plaintiffs were never guaranteed a
3  particular level of benefit under the MDL Plan, and that it was within Elsevier's right to change
4  the MDL Plan at its discretion. Defendants further noted that the Sales Agreement did not
5  guarantee plaintiffs either employment or a particular amount of severance.

6  In their reply and at the hearing, plaintiffs responded that their first three claims are in fact
7  ERISA claims. They stated that defendants failed to follow ERISA requirements when they
8  reduced the benefits available under the MDL Plan. They suggested that defendants also violated
9  ERISA by changing the plan for the purpose of depriving long-term employees of benefits.
10 Finally, they argued that Elsevier and Symyx conspired to avoid the requirements of ERISA by
11 sharing the names of long-term employees and by concealing their intent to conduct a mass layoff
12 with a misleading Sales Agreement.

13 Despite plaintiffs' later assertions, the first three claims in their complaint fail to state a
14 claim for ERISA violations. Both the captions and bodies of the claims sound in common law.
15 Plaintiffs did not specify the ERISA provisions that they claim defendants violated, nor did they
16 discuss any attempts at administrative remedies. These claims thus fail to put the defendants on
17 fair notice that plaintiffs intended the first three claims to be ERISA claims rather than common
18 law claims.

19 In addition, if it is the MDL Plan that is at issue in the complaint, plaintiffs have not
20 plausibly stated how they could maintain ERISA claims against both Elsevier *and* Symyx. First,
21 plaintiffs pled that Symyx adopted the Symyx Plan prior to closing and did not use the MDL Plan.
22 (FAC ¶ 14.) Second, plaintiffs' counsel admitted at the hearing that the Sales Agreement between
23 Elsevier and Symyx did not provide for third-party beneficiaries. Third, plaintiffs' assertion that
24 the defendants conspired to avoid ERISA requirements is merely speculative at best. As in *Bell*
25 *Atlantic Corp.*, plaintiffs here have failed to assert enough facts "to raise a reasonable expectation
26 that discovery will reveal evidence of illegal agreement" between the defendants. *Bell Atlantic*
27 *Corp. v. Twombly*, 550 U.S. 554, 556 (2007).
28 ///

3

**B.     Claim 4**

The fourth claim is on behalf of only plaintiff Sara Bertsch for violations of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §§ 621–34. Ms. Bertsch was sixty-three-years old when she was laid off, and she claimed that defendants selected her for termination on the basis of her age. (FAC ¶ 26.) Elsevier argued against its liability on grounds that it was not Ms. Bertsch's employer at the time of termination. However, although plaintiffs pled that Symyx terminated them (FAC ¶¶ 3:6–8, 4:3–7), they asserted in their reply and at the hearing that they never became Symyx employees.

Ms. Bertsch has failed to state a claim that both Elsevier and Symyx could be jointly and severally liable for age discrimination. Under the ADEA, only the employer is liable for discrimination. *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1093 (C.D. Cal. 2002). If Ms. Bertsch never became a Symyx employee, then she failed to plead how Symyx could be liable for age discrimination by another entity.

She has also not raised more than a speculative claim that Elsevier selected her for termination because of her age. After the Sales Agreement closed, there was a "mass layoff" of MDL employees that presumably included a large number of employees other than Ms. Bertsch. (*See* FAC Ex. B.) Younger employees with long tenure also would have been denied the more generous MDL Plan severance benefits.[2] Ms. Bertsch has thus failed to plead facts that raise more than the mere possibility that her age was the "but-for" reason for her termination. *Gross v. FBL Fin. Servs., Inc.*, --- U.S. ----, --- S. Ct. ----, 2009 WL 1685684 *6 (2009).[3]

**C.     Claims 5–6**

Plaintiffs' fifth and sixth claims are for violations of the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940 *et seq*, and for tortious wrongful termination in violation

///

---

[2] For example, it appears that a thirty-year-old, non-management employee with eight years of tenure at MDL would have been eligible for sixteen weeks of severance under the MDL Plan, but only ten weeks of severance under the Symyx Plan—a decrease of nearly forty percent. (*See* Frates Decl. Exs. A–B.)

[3] Because of the court's dismissal of claim four for failure to state a claim, it is not necessary to address defendants' motions to dismiss claim four for lack of subject matter jurisdiction.

4

of public policy. The court declines to exercise supplemental jurisdiction over these claims unless and until plaintiffs adequately plead a federal claim. Accordingly, these claims are also dismissed without prejudice, and plaintiffs may include them in an amended complaint that adequately states a federal claim.[4]

**CONCLUSION**

Based on the foregoing:

1. Defendants' motions to dismiss for failure to state a claim for claims one through four are GRANTED WITH LEAVE TO AMEND. Plaintiffs may file an amended complaint within fourteen days of this order.

2. Defendants' motions to dismiss for lack of subject matter jurisdiction are denied as moot.

3. The court declines to exercise supplemental jurisdiction over plaintiffs' fifth and sixth claims and dismisses those claims without prejudice under 28 U.S.C. § 1367.

4. The parties shall file an ADR Certification and either a Stipulation to ADR Process or Notice of Need for ADR Phone Conference by **July 10, 2009**.

5. The initial Case Management Conference is set for **August 11, 2009**. The parties' joint case management statement shall be filed by **August 4, 2009**.

**IT IS SO ORDERED.**

Dated: June 24, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] The court encourages plaintiffs to also consider the plausibility of its state law claims in any amended complaint, especially considering that the scope of employer liability for discrimination under California law is the same as under federal law. *Wynn*, 234 F. Supp. 2d at 1093.

5

**Notice will be electronically mailed to:**

| | |
|---|---|
| Richard E. Levine | rlevine@levinebakerlaw.com |
| Benjamin Hansel Kleine | bkleine@cooley.com |
| Laura Ann Terlouw | lterlouw@cooley.com |
| Steven L. Friedlander | friedlanders@cooley.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.